**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                         **Case No. 17-CR-137**

**THEODORE B. SIMMONS**
        **Defendant.**

## ORDER

The government charged defendant Theodore Simmons with participating in a series of armed robberies of stores and restaurants. Defendant moved to suppress evidence obtained pursuant to a GPS tracking warrant, arguing that the affiant included false statements in the warrant application. See Franks v. Delaware, 438 U.S. 154 (1978). A defendant is entitled to a so-called Franks hearing – an evidentiary hearing regarding the veracity of information included in a warrant application – if he can make a substantial preliminary showing that: (1) the warrant affidavit contained false statements, (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause. United States v. Mullins, 803 F.3d 858, 861-62 (7th Cir. 2015). If, at the hearing, the defendant establishes by a preponderance of the evidence that the false statements were made intentionally or with reckless disregard for the truth, and without the false material the affidavit's remaining content is insufficient to establish probable cause, the search warrant is invalid and the fruits of the search must be excluded from evidence. Id. at 862.

The magistrate judge handling pre-trial proceedings in this case concluded that

defendant made the necessary showing and ordered a Franks hearing. The government objects to that order. The issue before me at this point is narrow: was the magistrate's judge's order setting a Franks hearing contrary to law or clearly erroneous? See Fed. R. Crim. P. 59(a); see also United States v. Pace, 898 F.2d 1218, 1227 (7th Cir. 1990) (holding that the decision whether to hold a Franks hearing is reviewed deferentially and will be set aside only if the reviewing court reaches a "firm and definite conviction" that a mistake was made).

The facts are discussed in detail in the magistrate judge's order and the parties' submissions, and I need not restate them here. The warrant affiant averred, in pertinent part, that the police came to suspect defendant in the robberies based on a tip from a citizen who wished to remain anonymous. On review of surveillance video of one of the robbery locations, the affiant averred that he "observed a Pontiac Aztek drive past the store three times, in approximately six minutes." (GPS Aff. [R. 50] ¶ 13.) The affiant further averred that on the date of the robbery defendant's sister, Cathy Barnes, called the police to report that she lent her Pontiac Aztek to defendant, but he failed to return it; she later called the police stating defendant had returned the car, about two hours before the robbery. Based on this information, the affiant sought and obtained an order authorizing the installation of a GPS device on Barnes's Pontiac Aztek.

Defendant argued – and the magistrate judge agreed – that the video footage relied upon by the affiant was of such poor quality that one could not determine whether a Pontiac Aztek circled the store three times, as alleged in the affidavit. The magistrate judge further concluded that the video represented compelling evidence calling into question the veracity of the vehicle identification set forth in the affidavit. Finally, the magistrate judge expressed doubt

2

that, absent this link between the vehicle and the robbery, the warrant would have issued.[1]

In its objections, the government first argues that defendant lacks standing to challenge the search of his sister's car. However, the government did not make this argument before the magistrate judge, and I cannot deem his order clearly erroneous for failing to address an issue not raised.

Second, the government takes issue with the magistrate judge's conclusion that the video was of such poor quality that the affiant could not have definitively identified the Aztec. The government argues that an experienced investigator could have identified the car based on its distinctive features. This argument, which essentially contends that the affiant did not intentionally or recklessly mislead the judge but rather drew a reasonable inference from the evidence, is properly presented at the hearing. The government may likewise argue at the hearing that no rationale officer would intentionally or recklessly misrepresent the contents of readily available video evidence.

Third, the government argues that the magistrate judge misread the warrant affidavit as asserting that the affiant saw Barnes's Pontiac Aztec circle the store before the robbery, as opposed to seeing a Pontiac Aztec do so. I do not read the order that way. The magistrate judge understood that the affiant drew the inference that the Aztec he claimed to see on the video was Barnes's vehicle. The magistrate judge instead took issue with the affiant's definitive statement that the vehicle he saw repeatedly circle the store was "a Pontiac Aztec."

Fourth, the government faults the magistrate judge for failing to consider defendant's post-arrest confession, in which he allegedly admitted that he circled the store several times

---

[1] The magistrate judge further doubted that the information from the anonymous citizen, which initially linked defendant to the robberies, added much.

before parking the Aztec in the alley behind the store. However, the government cites no authority requiring the magistrate judge to consider such later obtained evidence in ruling on a request for a Franks hearing. Ordinarily, in the warrant context, the court limits its review to the four corners of the affidavit. See, e.g., United States v. Orozco, 576 F.3d 745, 748 (7th Cir. 2009); United States v. Peck, 317 F.3d 754, 755 (7th Cir. 2003); see also United States v. Harris, 464 F.3d 733, 738-39 (7th Cir. 2006) (holding that district court erred in denying Franks hearing based on new information).[2]

Fifth, the government argues that the magistrate judge erred in finding that defendant made a sufficient showing of intent to deceive, as opposed to a mere difference of opinion as to what the surveillance video showed. A defendant need not present direct evidence that the affiant lied in order to obtain a Franks hearing; evidence showing that the affiant should have doubted the accuracy of his allegations will also suffice. See United States v. Jones, 208 F.3d 603, 607 (7th Cir. 2000) ("The defendant must offer evidence showing either that the warrant affiant lied or that the warrant affiant recklessly disregarded the truth because he in fact entertained serious doubts as to the truth of his allegations or had obvious reasons to doubt the veracity of the allegations.") (internal quote marks omitted). The magistrate judge concluded that the surveillance video constituted such evidence, and given the deferential standard I cannot find that determination clearly wrong. The government will be free to argue at the hearing that the video fails to demonstrate reckless disregard for the truth.

---

[2]In reply, the government cites United States v. Dessart, 823 F.3d 395, 402 (7th Cir. 2016), but in that case the court found the alleged misstatement (an approximation as to how long chemical testing took) immaterial. The court also noted that, based on later trial testimony, the approximation offered in the warrant affidavit was not false. Id. at 402-03. Dessart does not require a district court to consider later acquired evidence, including the suspect's confession, in deciding whether to grant a Franks hearing.

4

Sixth, the government argues that the magistrate judge erred in finding that, absent the allegedly false statement about the Aztec, probable cause would be absent. The government argues that information from the anonymous citizen and one of the robbery victims, set forth in the affidavit, sufficed to connect defendant to the robberies. But the issue here is whether there was probable cause to track Barnes's Aztec. Absent the affiant's statement that an Aztec was seen casing the store, there arguably would not have been a basis for this warrant; the police suspected that defendant robbed the store, and they knew that his sister owned an Aztec which he sometimes borrowed. What is missing – with the allegedly false statement excised – is a connection between the Aztec and the robberies. The government does not contend that the police may track any vehicle driven by a robbery suspect.

Finally, the government argues that holding a Franks hearing will jeopardize the officer's career. The court does not rule on motions based on sympathy for the police or the defendant. Nor is there any reason to believe that the magistrate's judge order will make Franks hearings routine in this district.

**THEREFORE, IT IS ORDERED** that the government's objections are overruled, and the matter is returned to the magistrate judge for further proceedings.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge

5