# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                           **Case No. 17-CR-137**

**THEODORE B. SIMMONS**
    **Defendant.**

## ORDER

Defendant Theodore Simmons moves for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. Because the Amendment does not apply in his case, I deny the motion.

The government obtained an eleven-count indictment charging Simmons with conspiracy to commit Hobbs Act robbery and five substantive Hobbs Act robberies each with a corresponding firearm count under 18 U.S.C. § 924(c). Pursuant to an agreement with the government, Simmons pleaded guilty to five counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and one count of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c).

The pre-sentence report determined Simmons's offense level on the robbery counts under U.S.S.G. § 2B3.1, constructing a guideline range of 151-188 months on those counts. (PSR ¶¶ 28-71, 117.) The statute required an 84 month consecutive term on the § 924(c) count. (PSR ¶ 116.)

On February 27, 2019, I sentenced Simmons to 76 months on each of the robbery counts running concurrently and 84 months on firearm count running consecutively for a total of 160 months. Simmons filed a notice of appeal, but the Seventh Circuit granted his lawyer's

motion to withdraw and dismissed the appeal as frivolous. United States v. Simmons, 803 Fed. Appx. 6 (7th Cir. 2020). I later denied his collateral attack under 28 U.S.C. § 2255.

Simmons now seeks a sentence reduction under § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A court considering a motion under this provision first determines whether a sentence reduction is consistent with the applicable policy statements promulgated by the Sentencing Commission. If it is, then the court considers whether a reduction is warranted after weighing any applicable 18 U.S.C. § 3553(a) factors. United States v. Koglin, 822 F.3d 984, 986 (7th Cir. 2016).

The Commission's policy statement lists the covered amendments in U.S.S.G. § 1B1.10(d). A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under § 3582(c)(2) if none of the amendments listed in subsection (d) applies to the defendant or if an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2).

Simmons seeks a sentence reduction under Amendment 782. That amendment is listed in § 1B1.10(d), but it does not apply in this case. Amendment 782 reduced base offense levels in drug trafficking cases under U.S.S.G. § 2D1.1(c). Koglin, 822 F.3d at 985. Simmons was convicted of robbery, and his offense level was determined under U.S.S.G. § 2B3.1.

2

**THEREFORE, IT IS ORDERED** that Simmons's motion (R. 195) is denied.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge